UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TONY ELOZAR,

     Petitioner,

v.                                  CASE NO. 6:06-cv-1821-Orl-31DAB

JAMES MCDONOUGH, et al.,

     Respondents.

_____

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1, filed November 29, 2006). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a timely response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10). Petitioner filed a reply to the response (Doc. No. 17).

Petitioner alleges three claims for relief in his habeas petition, two claims that his sentences are unconstitutional and one claim of ineffective assistance of counsel.

**I.**    ***Procedural History***

A jury convicted Petitioner of two counts of robbery with a firearm, one count of grand theft, one count of improper exhibition of a firearm, three counts of kidnapping, and one count of possession of a firearm. The state trial court sentenced Petitioner to life in prison for each of the convictions for robbery and kidnapping all to run consecutively, to fifteen-year terms of imprisonment for the convictions for grand theft and possession of a firearm both to run

consecutively to the sentences for robbery with a firearm, and to a one-year term of imprisonment

for the conviction for improper exhibition of a firearm to run concurrently to the sentence for grand

theft.  Petitioner appealed his convictions and sentences.  The Fifth District Court of Appeal of

Florida reversed the convictions for kidnapping and grand theft, affirmed the remaining convictions,

and remanded for resentencing.  *See Elozar v. State*, 825 So. 2d 490 (Fla. 5th DCA 2002).

On remand, the state trial court resentenced Petitioner to two terms of  life in prison for the

robbery with a firearm convictions both to run consecutively,  a one-year term of imprisonment for

improper exhibition of a firearm to run concurrently with the other sentences, and a fifteen-year term

of imprisonment for possession of a firearm to run consecutively to the sentences for robbery with

a firearm.  Petitioner appealed the convictions and sentences.  The appellate court  reversed the two

sentences for robbery with a firearm and reversed the conviction for possession of a firearm,

remanding the case with instructions to impose concurrent sentences for the two convictions of

robbery with a firearm.  *See Elozar v. State*, 872 So. 2d 934 (Fla. 5th DCA 2004).  Petitioner was

then resentenced to two terms of life in prison with ten-year minimum mandatories for the

convictions for robbery with a firearm to run concurrently and a one-year term of imprisonment for

the conviction for improper exhibition of a firearm to run concurrently with the other sentences.

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida

Rules of Criminal Procedure and a motion to correct sentencing error.  The state trial court denied

relief.  Petitioner appealed, the appellate court *per curiam* affirmed.

## II.     *Legal Standard*

When a claim has been denied by the state court on the merits, 28 U.S.C. § 2254(d) guides

the Court's consideration of the claim.  Section 2254(d) provides as follows:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001),

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."  *Id*.  A determination of a factual issue made by a state court shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## III.    Analysis

### A.     Claims One and Two

In claims one and two, Petitioner asserts that his sentences are unconstitutional because they are disproportionate to his co-defendants' sentences and were vindictively imposed.  In support of

claim one, Petitioner argues that his sentences are disparate to his co-defendants because all of them were offered a plea of ten years, which his co-defendants took resulting in sentences of ten years for nine counts, whereas he received life sentences with ten-year minimum mandatory terms after going to trial (claim one).  Petitioner argues that the state trial court "expressed its distaste for the fact that [he] exerted his right to a trial. . . ."  *See* Doc. No. 17 at 5.  Petitioner further contends that his sentence was vindictively imposed based on his decision to go to trial (claim two).  *See* Doc. No. 17 at 2.  Both of Petitioner's sentencing claims are premised on his decision to go to trial and his co-defendants' sentences.

Petitioner raised these claims in his second direct appeal and in his Rule 3.850 motion.  On direct appeal, the state appellate court denied relief.  *See* App. Q at 7 n.4.  The state court noted that Petitioner contended that "the consecutive life sentences he received for each count of robbery with a firearm constitute cruel and unusual punishment because his co-defendants were not sentenced that harshly and the sentences he received resulted from judicial vindictiveness."  *Id.*   The state court concluded that those claims had no merit.  *Id.*

As an initial matter, the Court will address Petitioner's contention that his sentences violate the Eighth Amendment.  To the extent that Petitioner asserts that a sentence of life in prison for robbery with a firearm is an unconstitutionally disproportionate punishment for the offense, Petitioner has not established that the state court's determination is either contrary to, or an unreasonable application of, federal law.

"'Punishment is not 'cruel and unusual,' unless it is so greatly disproportionate to the offence committed as to be completely arbitrary and shocking to the sense of justice."  *Rogers v. United States*,  304 F.2d 520, 521 (5th Cir. 1962) (quoting *Weems v. United States*, 217 U.S. 349 (1910)).

The United States Supreme Court has held that a mandatory sentence of life in prison without the possibility of parole for possession of more than 650 kilograms of cocaine is not a grossly disproportionate sentence for the offense. *See Harmelin v. Michigan*, 510 U.S. 957 (1991). As such, this Court cannot conclude that a life sentence with a ten-year minimum mandatory term of imprisonment for robbery with a firearm is a grossly disproportionate sentence to the offense.

Having concluded that a life sentence for the offense of robbery with a firearm is not a constitutionally disproportionate sentence, the Court turns to Petitioner's allegations that he was vindictively sentenced based on his decision to go to trial. An "accused may not be subjected to more severe punishment for exercising his constitutional right to stand trial." *United States v. Mack*, 200 F.3d 653, 658 (9th Cir. 2000) (quoting *United States v. Carter*, 804 F.2d 508, 513 (9th Cir. 1986)). "However, '[m]ere imposition of a heavier sentence, without more, does not invalidate it.'" *Id.* (quoting *Carter*, 804 F.2d at 513.).

In *North Carolina v. Pearce*, 395 U.S. 711 (1969), the United States Supreme Court held that it is "patently unconstitutional" to penalize criminal defendants who successfully have a criminal conviction set aside on appeal by imposing a harsher sentence after retrial. *Id.* at 724. As a prophylactic measure "to assure the absence of such a motivation," the *Pearce* Court held that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear" on the record. *Id.* at 726.

*Pearce* was overruled in part by *Alabama v. Smith*, 490 U.S. 794 (1989). In *Smith*, the United States Supreme Court held that the *Pearce* presumption of vindictiveness does not arise "when the first sentence was based upon a guilty plea, and the second [harsher] sentence follows a trial." *Id.* at 796. In *Smith*, the Court explained that the *Pearce* presumption is appropriate only in

circumstances "in which there is a 'reasonable likelihood' that the increase is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains  upon the defendant to prove actual vindictiveness." *Id.* at 799 (citations omitted). Importantly, the *Smith* Court held that there is no reasonable likelihood of vindictiveness where a defendant is given a harsher sentence "after trial than was imposed after a prior guilty plea" because "the relevant sentencing information available to the judge after the plea will usually be considerably less than that available after trial." *Id.* at 801 (noting that vindictiveness cannot be presumed "[e]ven when the same judge imposes both sentences").

The United States Supreme Court has not held that the *Pearce* presumption of judicial vindictiveness applies to circumstances like those presented here – where the defendant rejects a plea offer and goes to trial. Indeed, the majority of federal Circuit Courts, including the Eleventh Circuit, have held that the *Pearce* presumption has no application in the plea bargaining context. *Hitchcock v. Wainwright*, 770 F.2d 1514 (11th Cir. 1985) (holding the *Pearce* presumption inapplicable in the plea bargaining context), *reversed on other grounds*, *Hitchcock v. Dugger*, 481 U.S. 393 (1987); *see also United States v. Morrison*, 153 F.3d 34 (2d Cir. 1998) (holding *Pearce* presumption to be inapplicable where defendant received a harsher sentence after withdrawing his guilty plea and proceeding to trial); *Waring v. Delo*, 7 F.3d 753 (8th Cir. 1993) (same); *United States v. Taglia*, 925 F.3d 1031 (7th Cir. 1991) (holding *Pearce* presumption inapplicable where the defendant received a harsher sentence on remand after successfully moving to vacate a guilty plea); *United States v. Lippert*, 740 F.2d 457 (6th Cir. 1984) (rejecting automatic application of the *Pearce* presumption in the context of plea agreements); *Frank v. Blackburn*, 646 F.2d 873 (5th Cir. 1980) (holding the *Pearce* presumption inapplicable in light of Supreme Court precedent that the government is free

to encourage guilty pleas by offering substantial benefits and threatening a defendant with more severe punishment).

The record reveals that at the first sentencing hearing the trial court stated the following reasons for imposing life sentences, "This is pretty serious and I heard the facts and I saw the tapes and I certainly agree with the jury.  So it's an uphill battle for the defense because this business about him being forced, it seemed to me like he was the ringleader." (App. A at 178.)  Thus, the trial court imposed the initial sentences based on the evidence adduced at trial and Petitioner's role in the offenses.  Moreover, during Petitioner's second sentencing hearing, in response to defense counsel's objection to the trial court's imposition of life sentences in light of the sentences imposed on his co-defendants after their pleas, the trial court stated, "Well, I'm not changing the sentence because some other judge did differently on some other case that went to a plea rather than to jury trial and *testimony was taken and I got to hear what the witnesses said.  That didn't help.  So that's it.*" (App. L at 20.) (emphasis added).  As such, the trial court articulated two legitimate reasons for Petitioner's sentences, neither of which related to his decision to go to trial.

The Court further notes that at the first sentencing hearing, the trial court asked what had happened to Petitioner's co-defendants only *after* imposing Petitioner's sentence, to which the prosecutor responded that their cases were set for trial at a future date. *See* App. A at 179-80.  Thus, when Petitioner was initially sentenced, his co-defendants had not entered pleas nor had they been sentenced.  Moreover, Petitioner's co-defendants were not sentenced by the same trial judge as Petitioner.  Thus, Petitioner's comparison of his sentences with his co-defendants' sentences is

incongruous.[1]  Accordingly, the Court concludes that Petitioner has not established that his sentences are disproportionate or that the trial court imposed vindictive sentences given that the trial court articulated reasons other than Petitioner's decision to proceed to trial for imposing the sentences. Accordingly, claims one and two are denied pursuant to § 2254(d).

### B.      Claim Three

Petitioner asserts that trial counsel rendered ineffective assistance by failing to move for the dismissal of one of the counts of robbery with a firearm based on violation of the Double Jeopardy Clause of the United States Constitution.  Petitioner raised this claim in his Rule 3.850 motion, and the state court denied relief.  *See* App. AA at 3-6.  In his reply to Respondents' response to the habeas petition, Petitioner concedes that claim three is without merit.  (Doc. No. 17 at 1-2.) Accordingly, claim three is denied as moot.[2]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus (Doc. No. 1, filed November 29, 2006) filed by Tony Elozar is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment accordingly and shall close this case.

---

[1]Although Petitioner was resentenced twice, the trial court consistently sentenced Petitioner to life in prison with a minimum ten-year mandatory sentence for the two convictions for robbery with a firearm.  The only change made to the sentences for these convictions was that on remand the second time, the trial court was required to make the sentences concurrent instead of consecutive.

[2]Likewise, Petitioner has not established that the state court's determination was either contrary to, or an unreasonable application of, federal law.  Accordingly, this claim is alternatively denied pursuant to § 2254(d).

**DONE AND ORDERED** at Orlando, Florida, this 12th day of December, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 12/12
Counsel of Record
Tony Elozar